1

2

3

4

5                      UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8    ROBERT C. NAWI,                         No. C 07-261 SI (pr)

9              Petitioner,                    **ORDER DENYING APPLICATION**
                                              **FOR (1) APPOINTMENT OF**
10        v.                                  **COUNSEL AND (2) ADDITIONAL**
                                              **TIME TO AMEND**
11   R. EVANS, warden,

12             Respondent.
                                        /
13

14

15        Robert C. Nawi, an inmate at the Salinas Valley State Prison, filed this pro se action for

16   a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court issued an order to show cause

17   on March 6, 2007, directing respondent to file an answer by May 18, 2007,  and Nawi to file a

18   traverse by June 22, 2007.   Last week, attorney Michael Burt filed "defendant's ex parte

19   application for appointment of counsel and for additional time to file amended petition."

20        The application for appointment of counsel and for additional time to file an amended

21   petition is DENIED.  (Docket # 3, # 4.)  There are several problems with the application.  First,

22   there is no written authorization from the intended client indicating his consent or desire to be

23   represented by counsel.  If Nawi wants to be represented by counsel, the court expects to see

24   something signed by him indicating such an intent to be sure that the court does not thrust

25   counsel onto an unwilling client.  Second, the application does not indicate whether counsel

26   wants to be paid by the government for his representation of Nawi.  If counsel is not seeking

27   public funding and will be paid by the client, there is no need for a court order appointing him;

28   Nawi can simply file a substitution of counsel in which he substitutes attorney Burt in his place

**United States District Court**
For the Northern District of California

to represent him.  If counsel is seeking public funding for his representation of Nawi – a fact that he should have made clear in his application – the application fails to show that Nawi is financially unable to obtain representation.  See 18 U.S.C. § 3006A(g).  Nawi paid the initial filing fee and did not file an in forma pauperis application.  Third, it appears that counsel wants to be appointed mainly to go to state court to take care of the problem of failure to exhaust state court remedies for existing claims and/or new claims.  See Burt Decl., ¶ 4.  Appointment under § 3006A does not include funding to return to state court to present claims in state court.  See generally In re Lindsey, 875 F.2d 1502, 1506-07 (11th Cir. 1989).  Fourth, the application for additional time to file an amended petition is not the right procedural vehicle if Nawi's problem is that he has claims for which he has not exhausted state court remedies.  Instead, he should file a motion for stay that complies with Rhines v. Webber, 544 U.S. 269 (2005).

Although the court denies the application for appointment of counsel and for additional time to file an amended petition, it recognizes that the problems with the application might be able to be corrected.  Accordingly, the denial is without prejudice to Nawi filing a new motion for appointment of counsel and/or a motion for stay no later than **July 6, 2007**.

In light of the possibility that there will be an amendment to the pleading and/or a stay, the court vacates the existing briefing schedule set in the Order To Show Cause.  Once the court has an opportunity to consider any new motions to appoint counsel and for a stay, it will decide whether to reset the briefing schedule.

The clerk will mail a copy of this order to (1) petitioner Nawi, (2) attorney Michael Burt, and (3) the California Attorney General's office in San Francisco, California.

IT IS SO ORDERED.

DATED: May 17, 2007

SUSAN ILLSTON
United States District Judge

2