UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. NAWI,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>R. EVANS, warden,<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　　／ | No. C 07-261 SI (pr)<br><br>**ORDER DENYING MOTION TO AMEND AND SECOND APPLICATION FOR APPOINTMENT OF COUNSEL** |

　　　　Robert C. Nawi, an inmate at the Salinas Valley State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court issued an order to show cause on March 6, 2007, directing respondent to file an answer by May 18, 2007, and Nawi to file a traverse by June 22, 2007. Respondent has filed an answer and supporting memorandum of points and authorities on May 18, 2007. The court denied without prejudice an earlier application for appointment of counsel to represent Nawi and application for extension of time to file an amended petition. Now before the court are Nawi's recently filed motion for leave to amend the petition and renewed application for appointment of counsel, as well as respondent's application to file a lengthy legal brief.

A.　　Motion For Leave To Amend

　　　　Nawi has moved to amend his petition to allege one or more claims as to which state court remedies have not been exhausted. He is aware of at least an ineffective assistance of appellate counsel claim and wants to search for other claims. He argues that he needs to amend to create

a mixed petition so that he may move to stay these proceedings while he exhausts state court remedies as to the unexhausted claims.  The court disagrees.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires" but the court cannot make that determination without seeing the proposed new pleading.  See Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000)  ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court had nothing upon which to exercise its discretion.")   The motion for leave to amend is DENIED because Nawi failed to attach the proposed amended petition. (Docket # 11.) This denial is without prejudice to Nawi filing another motion to amend if he submits a proposed amended petition or proposed amendment to the petition with the motion.  However, Nawi should bear in mind the discussion in the next two paragraphs in deciding whether to file such a motion.

Amendment is unnecessary insofar as the amendment is just to set the stage for a motion for a stay.  Nawi has one or more claims as to which state court remedies have not been exhausted.   He wants to amend his petition to add those claims to create a mixed petition so that he can seek a stay and abeyance of this action under Rhines v. Webber, 544 U.S. 269 (2005), and return to state court to present those claims to exhaust state court remedies.  It does not appear necessary that Nawi have a mixed petition to obtain a stay of these proceedings.  See generally Jackson v. Roe, 425 F.3d 654, 660-61 (9th Cir. 2005).  If a federal petition has only unexhausted claims, dismissal was long thought to be appropriate, see Coleman v. Thompson, 501 U.S. 722, 731 (1991), but even that is questionable with the Supreme Court's recent suggestion that petitioners file "protective" petitions to avoid anticipated statute of limitations problems, see Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278).  In short, there does not appear to be any prohibition on staying Nawi's fully-exhausted petition upon his request so that he may pursue state court remedies as to other claims he wants to present to the federal court but has not yet exhausted.  Leave to amend will not be granted just to create a mixed petition.

Nawi also argues that he needs to amend to add his ineffective assistance of appellate counsel claim because it might not relate back to the other claims in the original petition. In light of the uncertainty of whether that claim would relate back, see Mayle v. Felix, 545 U.S. 644, 654-56 (2005), this normally might be a sufficient reason to amend. However, it does not appear that Nawi is in real danger of missing the one year statute of limitations deadline if he dismisses this action, acts diligently to present his claims in a state habeas petition to exhaust them and then returns to federal court to file a new, fully exhausted habeas petition. The one-year limitations period in 28 U.S.C. § 2244(d)(1) normally starts on the date on which the judgment becomes final after the conclusion of direct review and includes the 90-day period during which a petitioner can file a petition for writ of certiorari, regardless of whether he does so. See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period included the 90-day period during which the petitioner could have filed a petition for writ of certiorari, regardless of whether he did so). Nawi's petition for review was dismissed by the California Supreme Court on August 16, 2006, which means that his one-year limitations period did not start until ninety days thereafter. As of today, he thus has more than three months left in the limitations period. The limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because there are still several months left in the one-year habeas limitations period in § 2244(d), Nawi's argument that he must allege his ineffectiveness claim now in an amended petition or lose it is not persuasive. If he acts diligently, he can dismiss this action, exhaust state court remedies, and get back to federal court in time to avoid being time-barred.

B.   <u>Application For Appointment Of Counsel</u>

Nawi's application for appointment of counsel is DENIED. (Docket # 10.) Appointment of counsel to "review the 16,000 page record to identify all federal claims that appellate counsel waived and then get an amended petition on file before August 16, 2007," Burt Decl., ¶ 10 – all

of which must first be presented to the state's highest court under the exhaustion doctrine – is beyond the scope of an appropriate appointment under 18 U.S.C. § 3006A. Appointment under § 3006A does not include funding to return to state court to present claims in state court. See generally In re Lindsey, 875 F.2d 1502, 1506-07 (11th Cir. 1989). Appointment under § 3006A also is not appropriate so that an attorney may search for new and additional claims that necessarily cannot be heard by the federal court until they are presented to the state's highest court. But for Nawi's desire to go back to state court, the current posture of this case is that Nawi has three fully exhausted claims that were raised by counsel on direct appeal. Appointment of counsel merely to file a traverse on those three claims is unnecessary.

C.      Respondent's Lengthy Brief

Respondent's application to file a lengthy memorandum of points and authorities is GRANTED. (Docket # 6.) The clerk will file the 70-page memorandum of points and authorities received on May 18, 2007.

D.      Briefing Schedule

If petitioner wishes to file a motion to amend and/or a motion for a stay, he must file and serve it no later than **August 24, 2007**. Respondent must file and serve any opposition brief no later than **September 14, 2007**. Petitioner must file and serve his reply brief (if any) no later than **September 28, 2007**.

If petitioner does not file a motion to amend, or motion for a stay, or a request for dismissal, he must file his traverse no later than **August 24, 2007**.

The clerk will mail a copy of this order to (1) petitioner Nawi, (2) attorney Michael Burt, and (3) the California Attorney General's office in San Francisco, California.

IT IS SO ORDERED.

DATED: July 24, 2007

                                                 SUSAN ILLSTON
                                           United States District Judge