UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT C. NAWI,

    Petitioner,

    v.

R. EVANS, warden,

    Respondent.

                                   /

No. C 07-261 SI (pr)

**ORDER STAYING ACTION**

Robert C. Nawi, an inmate at the Salinas Valley State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After the court issued an order to show cause and respondent filed an answer, Nawi filed two motions for appointment of counsel and a motion to amend that were denied. The matter is now before the court for consideration of Nawi's motion for stay and abeyance, which respondent opposes.

A district court may stay a mixed habeas petition to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. See Rhines v. Webber, 544 U.S. 269, 277-78 (2005). In Rhines, the Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78.

Trying to apply the Rhines test here is awkward because the problem, if any, in this case is that Nawi perhaps acted too hastily in filing his federal habeas petition. Nawi filed his federal habeas petition on January 16, 2007, just four months after the California Supreme Court

dismissed his petition for review. Within just a few months (by May 11, 2007), Nawi determined with the help of his trial attorney that he wanted to add an ineffective assistance of appellate counsel claim to his federal petition and began his efforts to have that claim considered in this court. He moved for appointment of counsel in May 2007; he moved to amend his petition to add the unexhausted claim in July 2007; and he moved for a stay to exhaust the claim in state court in August 2007. In light of the fact that Nawi identified the claim and moved for a stay months before his one-year habeas statute of limitations period had expired, a stay would not offend the purposes of the AEDPA as explained in Rhines, 544 U.S. at 277, and apparently would comport with the procedure approved in Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78) (prisoners who run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted"). The court determines that there was good cause for Nawi not to have exhausted the ineffective assistance of appellate counsel claim before he filed his federal petition and that there were no intentionally dilatory litigation tactics by Nawi. The court also cannot say that the entire ineffective assistance of counsel claim (which has 19 sub-parts) is meritless. Accordingly, the motion for a stay and abeyance is GRANTED. (Docket # 14.)

This action is STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Nawi exhausts the unexhausted claim and, within thirty days of doing so, moves to reopen this action, lift the court's stay and amend his petition to add the new claim of ineffective assistance of appellate counsel. Nawi must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded. If Nawi does not return within thirty days of exhausting the unexhausted claim, dismissal is quite likely. See Rhines, 544 U.S. at 278; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538 U.S. 1042 (2003).

| | |
|---|---|
| 1 | Nawi is cautioned that his "incorporation by reference" method of presentation generally |
| 2 | is unwise and not good advocacy. If he wants this court to consider a document, he must be |
| 3 | certain that the document is in this court's records by filing it himself or being sure that |
| 4 | respondent has filed it. Also, incorporating by reference legal arguments from other pleadings |
| 5 | and motions should be done with caution because the claim Nawi is trying to present here |
| 6 | probably is not identical to the one he was trying to present in state court; e.g., an argument that |
| 7 | appellate counsel was ineffective generally should be something more than simply an |
| 8 | incorporation by reference of a motion for a new trial with directions for this court to read that |
| 9 | motion to figure out what Nawi thinks counsel should have raised on appeal. |

IT IS SO ORDERED.

DATED: February 25, 2008

_____
SUSAN ILLSTON
United States District Judge