**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT C. NAWI,

             Petitioner,

  v.

R. EVANS, Warden,

             Respondent.

_____/

No. C 07-261 SI

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS THE HABEAS PETITION AS UNTIMELY AND UNEXHAUSTED**

On September 11, 2009, the Court heard oral argument on respondent's motion to dismiss petitioner's habeas petition as untimely and unexhausted. Having considered the arguments of counsel and the papers submitted, the Court DENIES respondent's motion.

**BACKGROUND**

Petitioner's state court conviction became final on November 14, 2006. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner then had one year to file his federal habeas petition, or until November 14, 2007. On January 16, 2007, petitioner filed a timely *pro se* petition for writ of habeas corpus in federal court. On March 5, 2007, the Court issued an order to show cause, finding that petitioner had alleged three claims that were cognizable in a federal habeas action.

With the assistance of an attorney, petitioner determined that he wanted to add an ineffective assistance of appellate counsel claim to his federal petition, and he moved for appointment of counsel in May 2007, moved to add the unexhausted claim in July 2007, and in August 2007 filed a motion to stay and hold proceedings in abeyance in order to allow petitioner to exhaust the unexhausted claims. In an order filed February 25, 2008, the Court granted the motion to stay and abey, and found that "there

was good cause for Nawi not to have exhausted the ineffective assistance of appellate counsel claim before he filed his federal petition and that there were no intentionally dilatory litigation tactics by Nawi." February 25, 2008 Order at 2:14-16. The Court directed petitioner to move to reopen his federal habeas proceedings within thirty days of exhausting his unexhausted claim.

On November 7, 2007, while the motion to stay and abey was pending in this Court, petitioner filed a petition for habeas corpus in state superior court; that petition was denied on March 10, 2008. Ninety-eight days later, on June 16, 2008, petitioner filed a petition for habeas corpus in state appellate court, which was denied on July 1, 2008. On July 30, 2008, petitioner filed a petition for habeas corpus in the California Supreme Court, which was denied on February 11, 2009. Thirty days later, on March 13, 2009, petitioner moved to reopen this case and to lift the stay, and to amend and correct the petition with a First Amended Petition ("FAP"). This Court granted that motion on March 20, 2009. Respondent now moves to dismiss the FAP on the grounds that it is both untimely and contains unexhausted claims.

**DISCUSSION**

**I.    Timeliness**

Respondent contends that the FAP is untimely because the one year statute of limitations had run prior to the filing of the FAP, and because petitioner is not entitled to tolling. There are two time periods at issue here. The first is the 98 days between the Superior Court's denial of petitioner's habeas petition on March 10, 2008, and the filing of his habeas petition in the Court of Appeal on June 16, 2008. The second time period is the 30 days from when the California Supreme Court denied relief on February 11, 2009 and when petitioner moved to reopen these proceedings on March 13, 2009; assuming that the 98 days are tolled, the FAP would still be 23 days late under AEDPA unless that second time period is also tolled.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year, in this instance, of the date on which the judgment became final after the

conclusion of direct review.  28 U.S.C. § 2244(d)(1).  The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). The circumstances under which a state petition will be deemed "pending" for purposes of § 2244(d)(2) is a question of federal law.  *Welch v. Carey*, 350 F.3d 1079, 1080 (9th Cir. 2003) (en banc).

An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' - i.e., 'until the completion of' that process."  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (emphasis in original).  In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending."  *Id.* at 220.  In California, the Supreme Court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction.  *Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999).  Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeal.  *Id.*  If the court of appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court.  *Id.* at 1006 n.3.  Despite this unusual system, the time between a lower court decision and a filing of a new petition in a higher court is treated as time the petition is "pending" as long as the petitioner did not "unreasonably delay" in seeking review.  *Carey*, 536 U.S. at 221-23.  This means that a state habeas petition is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review" all the way to the California Supreme Court.  *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citations and internal quotation marks omitted).

**A.    The 98-day period is statutorily tolled**

Respondent contends that petitioner is not entitled to statutory tolling for the 98 day gap between the Superior Court and Court of Appeal proceedings because it is too long to be a "reasonable" delay. Petitioner opposes on the grounds that the 98 day gap is not unreasonably long, explains that his current counsel's family emergency caused the delay, and argues in the alternative that he should be entitled to equitable tolling.

1  If the state court does not clearly rule on a petitioner's delay, as is the case here, the federal court

2  must evaluate all "relevant circumstances" and independently determine whether the delay was

3  "unreasonable." *Carey*, 536 U.S. at 226. "In the absence of (1) clear direction or explanation from the

4  California Supreme Court about the meaning of the term 'reasonable time' in the present context, or (2)

5  clear indication that a particular request for appellate review was timely or untimely, the Circuit must

6  itself examine the delay in each case and determine what the state courts would have held in respect to

7  timeliness." *Evans v. Chavis*, 546 U.S. 189, 197 (2006). Noting that six months is far longer than the

8  30 to 60 days that most states provide for filing an appeal, the Court held that an unjustified or

9  unexplained 6-month delay between post-conviction applications in California is not "reasonable" and

10  does not fall within *Carey*'s definition of the term "pending." *Id.*

11  Based on the circumstances of this case, the Court finds that the 98 delay between the Superior

12  Court and Court of Appeal habeas proceedings is reasonable and therefore is statutorily tolled.

13  Petitioner has explained that the 98-day delay occurred when trial counsel, acting pro bono, suffered the

14  loss of his mother and was forced to leave the state for an extended period of time, during which he was

15  saddled by a heavy caseload of other work. Declaration of Counsel, 7/29/08, Docket No. 28-1 at 82-83.

16  Moreover, the 98 day period is not far over the 30-60 time periods allowed by most states, and well

17  within the 4 1/2 months found reasonable in *Saffold v. Carey*, 312 F.3d 1031 (9th Cir. 2002).

18  Respondent relies upon *Livermore v. Watson*, 556 F. Supp. 2d 1112 (E.D. Cal. 2008), and *Culver*

19  *v. Director of Corrections*, 450 F. Supp. 2d 1137 (C.D. Cal. 2006), which both found delays shorter than

20  98 days to be unreasonable. However, both cases are factually distinguishable in that the petitioners'

21  delays were unjustified. *See Livermore*, 555 F. Supp. 2d at 1119 ("Petitioner's bare assertion that

22  '[h]abeas investigation is ongoing at this time' was insufficient to establish good cause for the delay.");

23  *Culver*, 450 F. Supp. 2d at 1141 ("[T]he [c]ourt finds this unexplained, unjustified delay is

24  unreasonable.").

25

26  **B.      The 23-day period is equitably tolled**

27  Respondent also argues that the 23-day period after petitioner's AEDPA year expired and before

28  petitioner filed his FAP should not be equitably tolled because petitioner has not shown that some

4

1  extraordinary circumstance applies to him. The Ninth Circuit recently addressed equitable tolling under

2  AEDPA:

> AEDPA sets a one-year statute of limitations for filing a federal habeas petition seeking relief from a state court judgment. This limitations period is subject to equitable tolling. To receive equitable tolling, the petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time.

*Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal citations, brackets, and quotation marks omitted). Here, petitioner has been pursuing his rights diligently. As this Court previously found, by filing his *pro se* federal habeas petition just four months after the California Supreme Court denied review, petitioner perhaps acted too hastily. In addition, there is no evidence that petitioner has engaged in intentionally dilatory litigation tactics.

Here, the Court finds that because petitioner moved to reopen within thirty days, as directed by the Court's February 25th, 2008 Order, the Court finds it appropriate to equitably toll the 23-day period. In the FAP, petitioner cites this Court's Order directing him to file to reopen his federal habeas action within thirty days of exhausting his state habeas claims. FAP ¶ H. Case law suggests that in such circumstances, the Court is at least within its discretion to find such a delay equitably tolled. *Cf. Pliler v. Ford*, 542 U.S. 225, 231, 235 (2004); *Harris v. Carter*, 515 F.3d 1051, 1057 (9th Cir. 2008).

Accordingly, the Court DENIES respondent's motion to dismiss the FAP as untimely.

## II.     Exhaustion

Respondent contends that the FAP should be dismissed for the alternative reason that the claims are unexhausted. Respondent argues that Claims 1-3 are unexhausted because the FAP contains versions of the claims with much more developed factual support than as they were presented to the state courts; Claims 4 and 5 are unexhausted because petitioner failed to sufficiently allege a federal constitutional violation in the state courts; and Claim 6 is unexhausted because it is imprecisely worded and insufficiently descriptive. Petitioner responds that the claims are in fact exhausted, because his state court claims effectively incorporated by reference the sufficient factual support, and exhaustion does not require presenting every piece of evidence in support of his federal claims.

1    Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either

2    the fact or length of their confinement are first required to exhaust state judicial remedies, either on

3    direct appeal or through collateral proceedings, by presenting the highest state court available with a fair

4    opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28

5    U.S.C. § 2254(b-c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1,

6    3 (1981); *McNeely v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The exhaustion requirement is satisfied

7    only if the federal claim (1) has been "fairly presented" to the state courts, *see id.*; *Crotts v. Smith*, 73

8    F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains available, *see Johnson v. Zenon*, 88 F.3d

9    828, 829 (9th Cir. 1996); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).

10    A federal claim is "fairly presented" to the state supreme court if it is raised by a procedural

11    method which complies with the state appellate rules and involves a "permissible method of raising an

12    issue in [the state supreme court]." *Farmer v. Baldwin*, 563 F.3d 1042, 1044 (9th Cir. 2009) (federal

13    claims fairly presented when petitioner "complied with the appellate rules" by referring to brief with

14    attachment containing federal claims in his petition for review before Oregon Supreme Court). To

15    exhaust the factual basis for the claim, "the petitioner must only provide the state court with the

16    operative facts, that is all of the facts necessary to give application to the constitutional principle upon

17    which [the petitioner] relies." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations and internal

18    quotations omitted). It is not sufficient to raise only the facts supporting the claim, however; rather, "the

19    constitutional claim . . . inherent in those facts" must be brought to the attention of the state court. *See*

20    *Picard*, 404 U.S. at 277.

21    State courts must be alerted to the fact that prisoners are asserting claims under the United States

22    Constitution in order to be given the opportunity to correct alleged violations of federal rights. *Duncan*

23    *v. Henry*, 513 U.S. 364, 365-66 (1995); *see, e.g.*, *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) (federal due

24    process claim based on prosecutorial misconduct was fairly presented where the text of the brief cited

25    the 5th and 14th Amendments and federal cases concerning alleged violation of federal due process

26    rights in the context of prosecutorial misconduct – the "brief was clear that the prosecutorial misconduct

27    claim was based, at least in part, on a federal right"). New factual allegations in a federal petition do

28    not render a claim unexhausted unless they fundamentally alter the legal claim already considered by

the state courts. *Belmontes v. Brown*, 414 F.3d 1094, 1117-18 (9th Cir. 2005), *rev'd on other grounds*, *Ayers v. Belmontes*, 549 U.S. 7 (2006).

Petitioner alleges six claims in the FAP: (1) prosecutorial misconduct in violation of his due process rights, FAP at 82; (2) ineffective assistance of appellate counsel in violation of the 5th, 6th and 14th Amendments, FAP at 99; (3) admission of hearsay evidence in violation of the 6th and 14th Amendments, FAP at 307; (4) admission of statistical probability evidence in violation of petitioner's 5th and 14th Amendment rights, FAP at 319; (5) admission of DNA evidence in violation of petitioner's 5th and 14th Amendment Due Process rights, FAP at 327; and (6) cumulative error in violation of petitioner's Due Process rights, FAP at 342.  Four of these claims were presented to the California Supreme Court on direct appeal, and two were presented to the California Supreme Court in state collateral proceedings.

In his direct appeal to the California Supreme Court, petitioner first alleged that prosecutorial misconduct violated his 14th Amendment right to due process; this claim contains the same federal legal theory regarding the same operative facts as Claim I of the First Amended Petition.  Second, petitioner alleged that the admission of statistical probability evidence violated his Fourteenth Amendment right to due process.  This claim contains the same federal legal theory regarding the same operative facts as Claim IV of the First Amended Petition.[1]  Third, petitioner contended that the admission of the DNA evidence violated his Fourteenth Amendment right to due process.  This claim contains the same federal legal theory regarding the same operative facts as Claim V of the FAP.  Fourth, petitioner contended that his Sixth Amendment Confrontation Clause rights were violated by the admission of certain hearsay evidence.  This claim contains the same federal legal theory regarding the same operative facts as Claim III of the FAP.

In his state habeas appeal, petitioner argued that he received prejudicially ineffective assistance of counsel on his direct appeal, violating his Fifth and Sixth Amendment rights to counsel and his Fourteenth Amendment due process rights.  *See* Petition For Writ Of Habeas Corpus, 7/30/08 (Docket No. 26, Ex. E at 16-22).  This claim contains the same federal legal theory regarding the same operative

---

[1]  The Court's Order to Show Cause referred to the first two claims together; however, because the parties' papers address the claims separately, the Court does so as well.

United States District Court
For the Northern District of California

facts as Claim II of the FAP.  Second, petitioner contended that the cumulative errors of the trial as a whole violated his due process rights and merited reversal under *Alcala v. Woodford*, 334 F.3d 862 (9th Cir. 2003) (finding that multiple trial errors can cumulatively violate Fourteenth Amendment due process).  This claim contains the same federal legal theory regarding the same operative facts as Claim VI of the FAP.  Because each of the claims in the FAP was previously presented to the California Supreme Court either on direct appeal or through collateral proceedings, the Court finds that the claims are exhausted, and DENIES respondent's motion to dismiss for lack of exhaustion.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES respondent's motion to dismiss.  (Docket No. 24).  Respondent shall file an answer no later than **November 20, 2009**, and petitioner may file a traverse no later than **December 18, 2009**.

**IT IS SO ORDERED.**

Dated:   October 21, 2009

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California