IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. NAWI, | No. C 07-00261 SI |
|       Petitioner, | **ORDER GRANTING APPLICATION TO FILE AMENDED ANSWER AND DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
|   v. | |
| R. EVANS, | |
|       Respondent. | |

Currently before the Court is Respondent's application for leave to file a late Amended Answer and Petitioner's motion for default judgment based on Respondent's failure to timely file his Amended Answer.

The petition for habeas corpus was filed on January 16, 2007. [Docket No. 1]. This action was stayed on February 25, 2008, to allow the Petitioner to exhaust his claims. [Docket No. 18]. On March 20, 2009, the Court granted Petitioner's motion to reopen the action, lift the stay and file an Amended Petition. [Docket No. 21]. Respondent moved to dismiss the Amended Petition, and that motion was denied on October 21, 2009. [Docket No. 35]. Respondent thereafter sought, and was granted, multiple motions for extensions of time to file his Amended Answer. [Docket Nos. 36, 38, 30, 42]. On May 12, 2010, Petitioner filed a Response in Support of Conditional Non-Opposition, explaining that he did not oppose the pending motion for extension of time as long as Petitioner would be granted a comparable extension of time. [Docket No. 43]. The Court granted that extension of time, as well as two further unopposed extensions. [Docket Nos. 44, 45, 47].

On October 6, 2010, Respondent sought a seventh extension, which was opposed by Petitioner acting *pro se.* [Docket Nos. 49, 50]. The Court granted the motion for extension of time, giving

1 Respondent until December 6, 2010 to file his Amended Answer and advising Respondent that no
2 further extensions of time would be granted. [Docket No. 51]. On December 6, 2010, Respondent filed
3 yet another request for an extension of time, which was opposed by Petitioner through counsel. The
4 Court denied that request for an extension on December 9, 2010. [Docket No. 55].

5 On December 10, 2010, Petitioner filed a motion for default judgment. On December 13, 2010,
6 Respondent filed an application for leave to file the Amended Answer late, and submitted the proposed
7 Amended Answer and brief in support. [Docket Nos. 57, 58]. On December 15, 2010, Respondent filed
8 an opposition to the request for default judgment and on the same date, Petitioner filed an opposition
9 to the application to file the Amended Answer. [Docket Nos. 59, 60].

10 Having reviewed all of the materials filed and arguments made, the Court GRANTS
11 Respondent's application to file the Amended Answer. The Clerk shall file the Amended Answer
12 [Docket No. 58]. The Court, however, is concerned by the Petitioner's claim that Respondent has not
13 yet lodged with the Court all portions of the trial and appellate record relevant to determination of the
14 issued presented by the Petition. *See* Habeas L.R. 2254-6(b)(3). The government shall file all necessary
15 portions of the record no later than **January 7, 2010.**

16 The Court DENIES Petitioner's motion for default judgment. While a District Court has
17 discretion to enter default judgment for petitioner if the government's failure to respond creates
18 excessive delay in the proceedings, the delays here were not excessive or unexcused. *See Ruiz v. Cady*,
19 660 F.2d 337, 341 (7th Cir.1981); *Hill v. White*, 2010 U.S. Dist. LEXIS 117895 (D. Ariz. Oct. 25, 2010).
20 The Court granted most of the extensions sought by Respondent in light of the representations by the
21 government that changes in personnel handling the Petition merited extensions, as well as the
22 particularly complex nature of the petition and the underlying trial and appellate proceedings.
23 Moreover, those requests for extensions were not opposed by Respondent, until October 2010, at which
24 time the Court ordered that no further extensions would be granted past December 6, 2010. While
25 Petitioner did not file his Amended Answer by that date, Petitioner filed an application for leave to file
26 the Amended Answer seven days later, on December 13, 2010. The Court finds that the seven day delay
27 here is not excessive enough to consider the disfavored use of default judgment to grant habeas relief
28 without reaching the merits of the claims. *See, e.g., Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990).

The Court is likewise not persuaded that, in the alternative to granting the motion for default judgment, that the Court should immediately proceed to hold an evidentiary hearing. If after reviewing the Amended Answer, Respondent believes good cause exists to seek an evidentiary hearing, he may do so in compliance with Habeas L. R. 2254-7(a).

**IT IS SO ORDERED.**

Dated: December 20, 2010

SUSAN ILLSTON
United States District Judge